# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HOWARD JONES, IV,**
**D.O.C. # 130790,**

    **Plaintiff,**

**vs.**                           Case No. 4:23cv367-MW-MAF

**MS. COOK, OFFICER GARCIA,**
**and OFFICER J. JOHNSON,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this case in late August 2023. Plaintiff was granted leave to proceed in forma pauperis, ECF No. 6, but was required to file an amended civil rights complaint. ECF No. 5. Plaintiff's amended complaint, ECF No. 7, has been received and reviewed as required by 28 U.S.C. § 1915A.

    Plaintiff has recently been transferred to Wakulla Correctional Institution. ECF No. 4. However, the named Defendants in this case are located at the Columbia Correctional Institution Annex, ECF No. 7 at 2-3, where Plaintiff was previously housed. All of Defendants actions which are

challenged by Plaintiff occurred at Columbia C.I.  That institution is located within Columbia County, which is not within the territorial jurisdiction of this Court; rather, it is located within the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(1),(2).  This case has been initiated in the wrong district.  Venue is appropriate in the Middle District of Florida because the Defendants reside there, and Plaintiff's claims took place in the Columbia Correctional Institution.  The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed

case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it. There is no need for a hearing prior to directing transfer. The Middle District of Florida is the proper forum for this case.

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 18, 2023.

   S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written**

objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.